[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a motion to strike directed against the second and third counts of a three-count complaint. The standards to be applied on a motion to strike are well known. The motion tests the legal sufficiency of the counts of a complaint and a complaint subject to attack by a motion to strike must be given every reasonably favorable inference. Amodio v.Cunningham, 182 Conn. 80, 82 (1980). The factual allegations in the counts of the complaint are as follows. The second count alleges a breach of fiduciary duty. It is alleged that the defendant is a real estate agent and that on or about August 20, 1998, the plaintiffs entered into an agreement with the defendant which indicated that the defendant would represent the interests of the plaintiffs in connection with the purchase of residential property, paragraphs 1 and 2. The plaintiffs were then shown a house and executed a purchase sale agreement for the house with a CT Page 8911 number of contingencies, including the right to have an inspection of the property. Thereafter, the defendant "enthusiastically recommended that the plaintiffs retain the services of one Thomas Morgan" who operated an inspection service, paragraph 5. Paragraph 6 goes on to say that upon the "strong recommendation" of the defendant, the plaintiffs retained Mr. Morgan to perform a home inspection. It is then alleged in the same paragraph that the inspection was inadequate and Mr. Morgan did not discover insect infestation of the house.
In paragraph 7, it is alleged that the defendant real estate agent, Mr. McLaughlin, breached his fiduciary duty in that the contract expressly provided that he would act in the interest of the purchasers and at all times the plaintiffs relied on the superior knowledge and recommendations of the defendant. The contract is not attached to the complaint.
Paragraph 8 goes on to allege that the breach of fiduciary duty occurred because the defendant knew or with reasonable care should have known that Mr. Morgan lacked the necessary expertise and skill to perform the home inspection. The remaining paragraphs set forth damages allegedly suffered by the plaintiffs as a result of the defendant's breach of fiduciary duty.
The motion to strike is also directed against the third count. The first six paragraphs mirror the allegations in the first six paragraphs of the second count. In paragraph 7 of the third count, the plaintiffs allege the defendant was negligent and careless in one or more of several ways. The plaintiffs allege the defendant failed to investigate the qualifications of Mr. Morgan, that he failed to determine whether in the past Mr. Morgan had failed to properly inspect homes and he failed to investigate and determine whether homeowners had brought claims against Mr. Morgan in connection with his allegedly inadequate inspection of their homes. The remaining two paragraphs allege the damages suffered as a result of the alleged negligence of the defendant, Mr. McLaughlin.
 I.
The defendant claims that the second count of the complaint must be stricken because the plaintiffs failed to state facts sufficient to support a cause of action for breach of fiduciary duty. The first question that must be answered is whether there was a fiduciary relationship between the plaintiffs and the defendant.
That is a difficult question to answer based on this record and because of the limitations presented by addressing that issue by means of a motion to strike. The court in Dunham v. Dunham, at 204 Conn. 303 at page CT Page 8912 328, said that: "Rather than attempt to define a fiduciary relationship in precise detail and in such a manner to exclude new situations, we have instead chosen to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." The defendant concedes that there is no question under our law that a real estate broker is a fiduciary for certain purposes; in fact, the defendant cites the case of Licari v. Blackwelder,14 Conn. App. 46 (1988), where at page 53, the court said, "a real estate broker is a fiduciary." Giving the complaint its most favorable reading, it certainly seems to allege the existence of a fiduciary relationship. It alleges that the defendant is a real estate agent who entered into an agreement with the plaintiffs that he would represent the interests of the plaintiffs in connection with their purchase of residential property. The gravamen of the defendant's motion to strike against the second count seems to be contained in a statement made at page 6 of his brief; where he says that, "While a real estate broker takes on the role of fiduciary it does not follow that an act or omission of a real estate agent, which is contrary to the interests of the client, is necessarily a breach of fiduciary duty." The defendant goes on to argue that the plaintiffs have failed to allege in the second count facts showing a breach of fiduciary duty. For example, in the complaint it is not alleged that the defendant did not act with fidelity or in good faith or that the defendant put himself in a position antagonistic to his principal's interest by fraudulent conduct or that the defendant even acted adversely to his client's interests. The defendant alleges that, in effect, the complaint fails to state which specific acts or omissions by the defendant constituted a breach of fiduciary duty. But the obligations arising in a fiduciary relationship apparently go beyond merely refraining from acting in a fraudulent or antagonistic way to the interests of the principal. There is a duty of good faith which is broadly defined in the cases. As the Licari case points out at 14 Conn. App. pages 53 and 54, an agent certainly can act fraudulently or adversely when dealing with his or her client. But an agent can also act in a way antagonistic to his principal interest "by failing to communicate information he (sic) may possess or acquire which is or may be material to his principal's advantage." The Licari court at page 54 goes on to say that a broker is under "a legal obligation to make a full, fair and prompt disclosure to his employer of all facts within his (sic) knowledge which are, or may be material to the matter in connection with which he is employed, which might affect his principal's rights and interests or his action in relation to the subject matter of the employment or which in any way pertains to the discharge of the agency which the broker has undertaken." In certain respects, our statutes codify the code of conduct applicable to real estate brokers. Section 20-320 of the General Statutes provides for the suspension or revocation of a real estate license as well as the levy of a fine where a broker or sales person has violated the CT Page 8913 code of conduct set out in the statutes. Included in the prescribed conduct is "making any material misrepresentation." Also see the article on brokers in 12 Am.Jur.2d, where at § 116 under the topic "Duty to Disclose Information to Principal," the restatement says, "Unless otherwise agreed, an agent is subject to a duty to use reasonable efforts to give his or her principal information which is relevant to affairs entrusted to the agent provided that the agent has notice that the principal would desire to have such information and that it can be communicated without violating a superior duty to a third person. A broker's fiduciary duty to act with the utmost good faith towards his or her principal requires the broker to make a full, fair, and prompt disclosure to the principal of all facts within his or her knowledge which are or may be material to the transaction." This comment basically paraphrases Rule 381, "Duty to Give Information," of the Restatement of Agency 2d. The defendant really has not addressed the issue of the scope of the fiduciary's relationship in this case, but it would appear that recommendation of a home inspector pursuant to a contract to purchase property would be within the scope of affairs entrusted to an agent.
In any event, given the Licari case, the comments in Am.Jur. and § 381 of the Restatement, the court is unable to grant the motion to strike the second count because in paragraph 8 of the second count it is specifically alleged that the breach of fiduciary duty occurred because the defendant knew or with reasonable care could have known that Thomas Morgan and Sound Home Inspections, Inc. lacked the necessary expertise and skill to perform the home inspection.On a motion to strike, the court must give the allegations of the complaint under attack every favorable inference. Even if it could be argued that a broker in the situation of the defendant did not have a duty to exercise reasonable care regarding his recommendation of an inspector of the property, certainly there would be a violation of fiduciary duty if the defendant broker recommended the property be inspected by an individual who he knew lacked the necessary expertise and skill to perform the home inspection. Therefore, the court will not strike the second count.
 II.
The defendant also moves that the third count be stricken. The defendant points to the seventh paragraph of that count which accuses the defendant of failing to investigate the qualifications of Mr. Morgan, failing to investigate and determine whether he had failed in the past to properly inspect homes and failed to investigate whether other homeowners had brought claims against Mr. Morgan. Defendant argues that under Connecticut law there is no recognition of a cause of action for negligent referral or recommendation. The defendant relies heavily on the case of R.K. Constructors, Inc. v. Fusco Corporation, 231 Conn. 381
CT Page 8914 (1994), where the court says, "The existence of a duty is a question of law and only when such a duty is found to exist does the trier of facts then determine whether the defendant violated that duty in the particular situation at hand," id. 384. At page 386 of that opinion, the court says, "A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists . . . The problem for the law is to limit the legal consequences of wrongs to a controllable degree . . . The final step in the duty inquiry then is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results."
First, the defendant argues that it was not necessarily foreseeable that if investigations had been made Mr. Morgan would not have been recommended and the plaintiffs would not have been harmed. The defendant queries what standard should be applied to such an investigation?
More importantly to the defendant, however, is the argument based on the public policy prong of the-test stated by our Supreme Court. The defendant states, "The question is whether those making a recommendation, in this case of a home inspector, can be required to diligently investigate the background of the person being recommended or face the possibility of a later lawsuit . . . The ancient maxim of caveat emptor still has some application."
The problem with the defendant's argument, at least to the Court, is that the third count incorporates paragraphs 1 through 6 of the first count. In the second paragraph of the first count, it alleges that the plaintiffs and the defendant entered into an agreement and under the terms of the agreement the defendant indicated he would represent the interests of the plaintiffs in connection with the purchase of the residential property. That language can be given a very broad reading and under the law that applies to motions to strike the court is required to give every reasonable inference in favor of sustaining a complaint, which is attacked by a motion to strike. This is not a case where one person, by happenstance, gives advice to another person during an unplanned casual meeting that another individual would perform a competent job in inspecting property that is about to be purchased. As indicated, the parties in this case had a preexisting contractual relationship before the recommendation was made as to Mr. Morgan. In volume 57A, Am.Jur.2d, at § 119, pages 175-176 of the article on negligence, it is stated: "Ordinarily, a breach of contract is not a tort. However, a contract may create a state of things which furnishes the occasion of a tort so that negligent performance of a contract may give rise to an action in tort, if the duty exists independently of the performance of the contract. The contract then creates the relation out of which grows the duty to use CT Page 8915 care and the performance of a responsibility prescribed by the contract." An older case, Dean v. Hershowitz, 119 Conn. 398 (1935), has interesting things to say on this question. At pages 408 to 409, the court says, "We recently pointed out that negligence may be the outgrowth of precedent contractual relationship, but that it may also arise in situations where there is no thought of any such underlying relationship, as in the ordinary case, where two automobiles meet on the highway, and we added: broadly considered it might be said that the duty to exercise reasonable care arises whenever the activities of two persons come so in conjunction that the failure to exercise that care by one is liable to cause injury to another." At page 409, the court went on to say, "In other words, the particular facts which bring two persons into a relationship to each other are not necessarily controlling, but the true test is, speaking generally, being in that relationship, are the circumstances such that one, in the performance of some act within the scope of that relationship, unless he (sic) uses proper care, is likely to do injury to the person, property or tights of the other." The court goes on to say that if a person assumes an undertaking, the undertaking is just the occasion and inducement of the wrong. From this, the court reasoned that "it is in this sense that negligence grows out of contracts as nuisance may grow out of negligence . . . where there is a precedent relationship, all that is necessary to furnish a basis for an action of negligence is that there be present the elements necessary to establish such a cause of action, and if that is so, that relationship is one if contract is no sound reason why the action should not lie." In Sasso v. Iyotte,155 Conn. 525, 529 (1967), the court also said that "a party may be liable in negligence for their breach of a duty which arises out of a contractual relationship." Also see Johnson v. Flammia, 169 Conn. 491, 496
(1975). In other words, giving the complaint that reading which is most favorable, the parties entered into an agreement which "indicated that the defendant would represent the interests of the plaintiffs in connection with the purchase of a residential property." Paragraph 2. That, broadly read, can indicate the creation of a relationship between the parties which would obligate the defendant in making recommendations concerning the appropriateness of the property for purchase to exercise reasonable care. When you purchase a home, you need a home inspection, and if you agree to represent the interests of people when they purchase a home, certainly that agreement can be read to encompass the interest of the plaintiffs in securing an appropriate person to do a home inspection. If pursuant to that agreement and interest in the plaintiff in securing an appropriate person to perform a home inspection, the party with the obligation to represent the interests of the purchasing parties recommends a particular individual as a home inspector it is not an unfair burden to place on the party making the recommendation to do an appropriate investigation of the background of the person recommended before the party makes the recommendation. This is especially so when the defendant making the CT Page 8916 recommendation is a broker in the real estate business.
The Restatement Section of Torts approaches this from a different perspective. In § 323 the Restatement says the following:
 "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm; or (b) the harm is suffered because of the other's reliance upon the undertaking."
Here, the complaint alleges that the plaintiffs were buying a house, engaged the services of the defendant whose business is that of a real estate agent. The complaint goes on to say that thereafter the defendant "enthusiastically recommended that the plaintiffs retain the services of one Thomas Morgan . . . to inspect the subject property."
Again, giving the complaint that most favorable reading, the court cannot say that when one undertakes to represent the interests of plaintiffs in buying property, that would not include recommending such fundamental things as a home inspector capable of doing his job in an adequate way. Given that undertaking and the attendant obligation to use reasonable care, the court cannot say that failure to investigate the background of an inspector enthusiastically recommended is not a failure to exercise reasonable care. It should be noted that the Restatement only allows for recovery under this reasoning for physical harm resulting from the failure to exercise reasonable care. It is difficult to understand that limitation, but in any event, it would not defeat the cause of action in the third count under § 323 analysis since paragraph 9 does allege that the acts of the defendant caused the plaintiffs' emotional and physical distress. In any event, the court denies the motion to strike both the second and the third counts. Furthermore, since both the contract and negligence counts are independently viable, they can be stated in the alternative.
 ________________ CORRADINO, JUDGE